IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil No. 3:19-cv-02075 |
| PUERTO RICO CVS PHARMACY, LLC, | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT DECREE

# TABLE OF CONTENTS

I. JURISDICTION AND VENUE ................................................................................................. 1
II. APPLICABILITY ..................................................................................................................... 1
III. DEFINITIONS ......................................................................................................................... 2
IV. CIVIL PENALTY .................................................................................................................... 3
V. COMPLIANCE REQUIREMENTS ........................................................................................ 4
VI. REPORTING REQUIREMENTS ........................................................................................... 5
VII. STIPULATED PENALTIES ................................................................................................... 6
VIII. FORCE MAJEURE ................................................................................................................. 8
IX. DISPUTE RESOLUTION ....................................................................................................... 9
X. INFORMATION COLLECTION AND RETENTION ......................................................... 10
XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ............................................. 11
XII. COSTS ................................................................................................................................... 12
XIII. NOTICES .............................................................................................................................. 12
XIV. EFFECTIVE DATE ............................................................................................................... 13
XV. RETENTION OF JURISDICTION ....................................................................................... 13
XVI. MODIFICATION .................................................................................................................. 14
XVII. TERMINATION .................................................................................................................... 14
XVIII. PUBLIC PARTICIPATION .................................................................................................. 14
XIX. SIGNATORIES/SERVICE ................................................................................................... 15
XX. INTEGRATION .................................................................................................................... 15
XXI. 26 U.S.C. SECTION 162(F)(2)(A)(II) IDENTIFICATION ................................................ 15
XXII. FINAL JUDGMENT ............................................................................................................. 15

Whereas Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action concurrently with this Consent Decree, alleging that Defendant, Puerto Rico CVS Pharmacy, LLC, violated regulations implementing Subtitle C of the Resource Conservation and Recovery Act ("RCRA" or "the Act");

Whereas the Complaint against Defendant alleges that it failed to properly label hazardous waste containers as hazardous waste, failed to note the date that it began accumulating certain hazardous wastes, failed to keep hazardous waste containers closed, failed to maintain complete contingency plans, and failed to make hazardous waste determinations;

Whereas Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint; and

Whereas the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1345, and 1355, and Section 3008 of the Act, 42 U.S.C. § 6928, and over the Parties. Venue lies in this District pursuant to Section 3008 of the Act, 42 U.S.C. § 6928, and 28 U.S.C. §§ 1391 and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in, and Defendant conducts business in, this judicial district. For purposes of this Decree, or any action to enforce this Decree, Defendant consents to venue in this judicial district and consents to the Court's jurisdiction over Defendant, this Decree, and any action to enforce this Decree.

2.    For purposes of this Consent Decree only, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Section 3008 of RCRA, 42 U.S.C. § 6928.

## II.    APPLICABILITY

3.    The obligations of this Consent Decree apply to and are binding upon the United States and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

4.    No transfer of ownership or operation of any of the Facilities whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendant of its obligation to ensure that the terms of the Decree are implemented. At least 30 Days prior to such transfer, Defendant shall provide a copy of this Consent Decree to the proposed transferee and

shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA Region II and the United States Department of Justice, in accordance with Section XIII (Notices).  Any attempt to transfer ownership or operation of the Facility without complying with this Paragraph constitutes a violation of this Decree.

5.      Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.      In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.   DEFINITIONS

7.      Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

"Complaint" shall mean the complaint filed by the United States in this action;

"Consent Decree" or "Decree" shall mean this Decree;

"Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

"Defendant" shall mean Puerto Rico CVS Pharmacy, LLC;

"EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

"Effective Date" shall have the definition provided in Section XIV;

"Facilities" shall mean Defendant's retail pharmacies located in Puerto Rico, specifically:

| Location Number | Location City | Location Postal Code |
| --- | --- | --- |
| 00832 | Guaynabo | 00966 |
| 00926 | Carolina | 00987 |
| 02247 | Toa Baja | 00949 |
| 02869 | Vega Baja | 00693 |
| 04081 | Arecibo | 00612 |
| 04588 | Vega Alta | 00692 |

2

| 04594 | Bayamon | 00961 |
| 04596 | Bayamon | 00957 |
| 05219 | Bayamon | 00956 |
| 05677 | Bayamon | 00957 |
| 05800 | Carolina | 00987 |
| 06493 | Ponce | 00728 |
| 07304 | Guaynabo | 00968 |
| 07965 | Fajardo | 00738 |
| 07967 | Manati | 00674 |
| 07969 | Caguas | 00725 |
| 07977 | Dorado | 00646 |
| 07979 | San Juan | 00901 |
| 08429 | Ponce | 00716 |
| 10023 | Carolina | 00982 |
| 10110 | Ponce | 00717 |
| 10313 | Condado | 00907 |
| 10314 | San Juan | 00918 |
| 10315 | San Juan | 00915 |
| 10901 | Carolina | 00979 |

;

"Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

"Parties" shall mean the United States and Defendant;

"Section" shall mean a portion of this Decree identified by a roman numeral; and

"United States" shall mean the United States of America, acting on behalf of EPA.

### IV.    CIVIL PENALTY

8.    Within 30 Days after the Effective Date, Defendant shall pay the sum of $60,000 as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

9.    Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of Puerto Rico after the Effective Date.  The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendant shall use to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to Legal Counsel for Defendant (see Section XIII (Notices)).  Defendant may change the individual to receive payment instructions on its behalf

by providing written notice of such change to the United States and EPA in accordance with
Section XIII (Notices).

At the time of payment, Defendant shall send notice that payment has been made: (i) to
EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance
Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (ii) to the United States via
email or regular mail in accordance with Section XIII and (iii) to EPA in accordance with
Section XIII.  Such notice shall state that the payment is for the civil penalty owed pursuant to
the Consent Decree in United States v. Puerto Rico CVS Pharmacy, LLC and shall reference the
civil action number, CDCS Number and DOJ case number 90-7-1-11211.

10.     Defendant shall not deduct any penalties paid under this Decree pursuant to this
Section or Section VII (Stipulated Penalties) in calculating its federal income tax.

## V.     COMPLIANCE REQUIREMENTS

11.     Defendant shall comply with all applicable requirements of 40 C.F.R. Parts 260
through 273, as amended effective August 22, 2019 at all Facilities.

12.     Environmental Compliance Assessment.  Within twelve (12) months after the
Effective Date, CVS Health environmental compliance personnel (the "Compliance Evaluator")
will conduct an in-person compliance assessment of all Facilities (the "Compliance
Assessment"), subject to the following parameters:

a.     Personnel at individual retail pharmacy stores will not be notified in advance of the
Compliance Assessment;

b.     The purpose of the Compliance Assessment will be to evaluate each Facility's
adherence to CVS's Hazardous Waste Management Program, which incorporates
applicable requirements of 40 C.F.R. Parts 260 through 273, as amended effective
August 22, 2019, as follows:

(1)     Use of proper procedures for managing unsaleable items and
identifying items as hazardous waste, as applicable;

(2)     Adherence to container management requirements such as closure,
labeling, and identification of accumulation start date;

(3)     Successful completion of annual hazardous waste management
training;

(4)     Ability to access environmental program documents (e.g.,
manifests);

(5)     Understanding of emergency response procedures.

c.     To the extent that the Compliance Evaluator identifies any deviations from CVS's
Hazardous Waste Management Program, the Compliance Evaluator will note those

deviations and ensure that appropriate corrective action is taken, to the extent practicable, before the Compliance Evaluator leaves the Facility.

d.     To the extent that the Facility is unable to complete appropriate corrective action of one or more of the Compliance Evaluator's findings before the Compliance Evaluator leaves the Facility, the Compliance Evaluator shall note those open items and work with the Facility to develop a corrective action plan.

e.     Within 60 days after the completion of the Compliance Assessment, Defendant shall prepare and submit a report to EPA listing the findings and corrective actions taken during the Compliance Assessment (the "Report").  Within 30 days after Defendant submits its report to the EPA, the EPA shall notify Defendant of any questions regarding the Report or any objections as to the method(s) by which Defendant corrected any of the findings.

13.     In addition to the Compliance Assessment, Defendant's environmental compliance personnel shall, within twelve (12) months after the Effective Date conduct training for all Facility managers.  Such training shall be provided in English and Spanish.  Within 60 days after performing the training, Defendant shall submit a written notice to EPA that the training has been completed.

## VI.    REPORTING REQUIREMENTS

14.     Whenever any violation of this Consent Decree or any other event affecting Defendant's performance under this Decree, or the performance of its Facility, may pose an immediate threat to the public health or welfare or the environment, Defendant shall notify EPA orally or by electronic or facsimile transmission as soon as possible, but no later than 24 hours after Defendant first knew of the violation or event.. This notification shall be submitted to the persons designated in Section XIII (Notices).

15.     Each report submitted by Defendant or Inspectors under this Section or Section V (Compliance Requirements) shall be signed by an official of the submitting party and include the following certification:

I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I have no personal knowledge that the information submitted is other than true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

16.     This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

17.     The reporting requirements of this Consent Decree do not relieve Defendant of any reporting obligations required by the Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

18.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.     STIPULATED PENALTIES

19.     Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure).

20.     <u>Late Payment of Civil Penalty</u>.  If Defendant fails to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendant shall pay a stipulated penalty of $1,000 per Day for each Day that the payment is late.

21.     <u>Stipulated Penalties for Violation of Compliance Measures</u>.

        a.     No stipulated penalties under this Consent Decree shall accrue for findings identified during the Compliance Assessment pursuant to Paragraph 12, provided that the finding is identified and corrected as required by Paragraph 12.c.

        b.     As of the Effective Date, a stipulated penalty of $500 per violation per Day shall accrue for any of the following violations:

        (1)     Prior to termination of the Consent Decree, any violations of Paragraph 12 noted by EPA inspectors or self-reported by Defendant except for findings identified during the Compliance Assessment as provided  in Paragraph 12.c.;

        (2)     A failure to correct a finding identified during the Compliance Assessment as required by Paragraph 12;

        (3)     A failure to complete the Compliance Assessment in accordance with the methodology and deadlines in Paragraph 12;

        (4)     A failure to complete the Training in accordance with the methodology and deadlines in Paragraph 13;

22.     <u>Reporting Requirements</u>.  A stipulated penalty of $200 per violation per Day shall accrue for each violation of the reporting requirements of Section VI:

23.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

24.     Defendant shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

25.     The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

26.     Stipulated penalties shall continue to accrue as provided in Paragraph 23, during any Dispute Resolution, but need not be paid until the following:

    a.     If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

    b.     If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

    c.     If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

27.     Defendant shall pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraph 9, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

28.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

29.     The payment of penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

30.     Non-Exclusivity of Remedy.  Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree.  Subject to the provisions of Section XI (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for Defendant's violation of this Decree or applicable law, including but not limited to an action against Defendant for statutory penalties, additional

injunctive relief, mitigation or offset measures, and/or contempt.  However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## VIII.   FORCE MAJEURE

31.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation.  The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential force majeure, such that the delay and any adverse effects of the delay are minimized.  "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

32.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant shall provide notice orally or by electronic or facsimile transmission to EPA within 72 hours of when Defendant first knew that the event might cause a delay.  Within seven Days thereafter, Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment.  Defendant shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure.  Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure.  Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

33.    If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

34.    If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendant in writing of its decision.

35.    If Defendant elects to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), it shall do so no later than 15 Days after receipt of EPA's notice.  In any such proceeding, Defendant shall have the burden of demonstrating by a

preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 31 and 32. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## IX.   DISPUTE RESOLUTION

36.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

37.    Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 30 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 14 Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

38.    Formal Dispute Resolution.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

39.    The United States shall serve its Statement of Position within 45 Days of receipt of Defendant's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

40.    Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIII (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within ten Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

41.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court.  Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

42.     Standard of Review

        a.      <u>Disputes Concerning Matters Accorded Record Review</u>.  Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 38 pertaining to the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, Defendant shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

        b.      <u>Other Disputes</u>.  Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 38, Defendant shall bear the burden of demonstrating that its position complies with this Consent Decree.

43.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 26.  If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## X.     INFORMATION COLLECTION AND RETENTION

44.     The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any Facility covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

        a.      monitor the progress of activities required under this Consent Decree;

        b.      verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

        c.      obtain samples and, upon request, splits of any samples taken by Defendant or its representatives, contractors, or consultants;

        d.      obtain documentary evidence, including photographs and similar data; and

        e.      assess Defendant's compliance with this Consent Decree.

45.     Upon request, Defendant shall provide EPA or its authorized representatives splits of any samples taken by Defendant.  Upon request, EPA shall provide Defendant splits of any samples taken by EPA.

46.     Until five years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

47.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendant shall deliver any such documents, records, or other information to EPA.  Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendant asserts such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant.  However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

48.     Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

49.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XI.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

50.     This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

51.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree, and the Defendant reserves all legal and equitable defenses available to it in the defense of any such enforcement.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions.

52.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to Defendant's violations, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 50.

53.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 42 U.S.C. §§ 6901-6992k, or with any other provisions of federal, State, or local laws, regulations, or permits.

54.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

55.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XII.     COSTS

56.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XIII.   NOTICES

57.     Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

As to the United States by email:    eescdcopy.enrd@usdoj.gov
Re: DJ # 90-7-1-11211

As to the United States by mail:    EES Case Management Unit
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-7-1-11211

As to EPA:    Teresita Rodríguez, Branch Chief
Response and Remediation Branch
Caribbean Environmental Protection Division
U.S. EPA
City View Plaza II, Suite 7000
48 Road 165, Km. 1.2
Guaynabo, PR 00968-8069

As to Defendant:    Elizabeth Leifel Ash
Senior Legal Counsel
CVS Health
2211 Sanders Rd. NBT9
Northbrook, IL 60062

Nicole Wilkinson
Director, Environmental Management
CVS Health
1 CVS Drive
Woonsocket, RI 02895

58.    Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

59.    Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIV.   EFFECTIVE DATE

60.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XV.   RETENTION OF JURISDICTION

61.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders

13

modifying this Decree, pursuant to Sections IX and XVI, or effectuating or enforcing compliance with the terms of this Decree.

## XVI.   MODIFICATION

62.     The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

63.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 42, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII.   TERMINATION

64.     After Defendant has completed the requirements of Section V (Compliance Requirements), Paragraphs 12 and 13, and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Defendant may serve upon the United States a Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

65.     Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

66.     If the United States does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section IX.  However, Defendant shall not seek Dispute Resolution of any dispute regarding termination until 45 Days after service of its Request for Termination.

## XVIII. PUBLIC PARTICIPATION

67.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XIX.   SIGNATORIES/SERVICE

68.     The undersigned representative of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

69.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX.   INTEGRATION

70.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XXI.   26 U.S.C. SECTION 162(f)(2)(a)(ii) IDENTIFICATION

71.     For purposes of the identification requirement of Section 162(f)(2)(a)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(a)(ii), performance of Section II (Applicability), Paragraph 5; Section V (Compliance Requirements), Paragraphs 11-13; Section VI (Reporting Requirements), Paragraph 15; and Section X (Information Collection and Retention), Paragraphs 44-47 is restitution or required to come into compliance with law.

## XXII.  FINAL JUDGMENT

72.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this __ day of _____, 2019.

                                           _____

                                           UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES OF AMERICA:

11/15/2019
Date

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

Laura J. Rowley
Senior Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC  20044-7611

17

FOR THE U.S. ENVIRONMENTAL PROTECTION
AGENCY:


Eric Schaaf
Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway
New York, N.Y. 10007

18

FOR PUERTO RICO CVS PHARMACY, LLC:

Date

Brenna B. Jordan
Vice President and
Assistant Secretary